IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SUNSET LICENSING LLC, | |
| *Plaintiff,* | Case No. _____ |
| v. | DEMAND FOR JURY TRIAL |
| SIERRA WIRELESS AMERICA, INC., | |
| *Defendant.* | |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

1.    Sunset Licensing LLC ("Sunset Licensing" or "Plaintiff"), by and through its counsel, hereby brings this action for patent infringement against Sierra Wireless America, Inc. ("Sierra Wireless" or "Defendant") alleging infringement of the following validly issued patent (the "Patent-in-Suit"): U.S. Patent No. 8,483,941, titled "Vehicle Speed Monitor" (the '941 Patent), attached hereto as Exhibit A.

## NATURE OF THE ACTION

2.    This is an action for patent infringement arising under the United States Patent Act 35 U.S.C. §§ 1 et seq., including 35 U.S.C. § 271.

## PARTIES

3.    Plaintiff Sunset Licensing LLC is a company established in Texas with its principal place of business at 6009 W Parker Rd, Ste 149 - 1081, Plano, TX 75093.

4.    On information and belief, Defendant Sierra Wireless America, Inc. is a company incorporated in Delaware and may be served by its registered agent The Corporation Trust Company at Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801.

## JURISDICTION AND VENUE

5.      This lawsuit is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 101 et seq. The Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, 1338(a), and 1367.

6.      The Court has personal jurisdiction over Defendant for the following reasons: (1) Defendant is present within or has minimum contacts within the State of Delaware and the District of Delaware; (2) Defendant has purposefully availed itself of the privileges of conducting business in the State of Delaware and in this district; (3) Defendant has sought protection and benefit from the laws of the State of Delaware; (4) Defendant regularly conducts business within the State of Delaware and within this district, and Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Delaware and in this district; and (5) Defendant is incorporated in Delaware and has purposely availed itself of the privileges and benefits of the laws of the State of Delaware.

7.      Defendant, directly and/or through intermediaries, ships, distributes, uses, offers for sale, sells, and/or advertises products and services in the United States, the State of Delaware, and the District of Delaware including but not limited to the products which contain the infringing '941 Patent systems and methods as detailed below. Upon information and belief, Defendant has committed patent infringement in the State of Delaware and in this district; Defendant solicits and has solicited customers in the State of Delaware and in this district; and Defendant has paying customers who are residents of the State of Delaware and this district and who each use and have used the Defendant's products and services in the State of Delaware and in this district.

8.      Venue is proper in the District of Delaware pursuant to 28 U.S.C. §§ 1400(b).

COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL

Defendant is established in this district, has transacted business in this district, and has committed acts of patent infringement in this district.

PATENT-IN-SUIT

9.      Plaintiff incorporates the above paragraphs herein by reference.

10.     On July 9, 2013, United States Patent No. 8,483,941 was duly and legally issued by the United States Patent and Trademark Office. The '941 Patent is titled "Vehicle Speed Monitor."

11.     Sunset Licensing is the assignee of all right, title and interest in the '941 patent, including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the '941 Patent. Accordingly, Sunset Licensing possesses the exclusive right and standing to prosecute the present action for infringement of the '941 Patent by Defendant.

12.     The application leading to the '941 patent was filed on August 4, 2010.

13.     The present invention relates to a vehicle speed monitor for monitoring the speed of a moving vehicle. (Ex. A, Abstract.) More particularly, the present invention relates to recording instantaneous accelerations of a vehicle along three axes over time in order to monitor the speed of that vehicle. (Ex. A, Abstract.)

14.     The inventions disclosed in the Patent-in-Suit were not well-understood, routine, or conventional. At the time the Patent-in-Suit was filed, various problems existed in monitoring a vehicle's speed. The Patent-in-Suit addressed these problems by, for example, monitoring a vehicles speed monitor using an integrated circuit that includes an accelerometer capable of measuring instantaneous accelerations of a vehicle along three axes. (Ex. A at 1:17-28.)

15.     The claims of the Patent-in-Suit do not merely recite the performance of a familiar business practice with a requirement to perform it on the Internet. Instead, the claims recite one

3

COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL

or more inventive concepts that are rooted monitoring a vehicle's speed.

16.     Moreover, the inventions taught in the Patent-in-Suit cannot be performed with pen and paper or in the human mind. One of ordinary skill in the art at the time the Patent-in-Suit was filed would have understood that the inventions could not be performed with pen and paper. Using a pen and paper would be a practical impossibility running counter to the inventor's detailed description of the inventions and language of the claims. Additionally, because the Patent-in-Suit addresses problems rooted in monitoring a vehicle's speed through the use of an accelerometer, it teaches are not merely drawn to longstanding human activities.

## ACCUSED PRODUCTS

17.     Defendant makes, uses, offers for sale and sells in the U.S. products, systems, and/or services that infringe the Patent-in-Suit, including, but not limited to its GNX-3 LTE device (collectively, the "Accused Product" or "Accused Instrumentality").

## COUNT I
### (Direct Infringement of U.S. Patent No. 6,970,941 – 35 U.S.C. § 271(a))

18.     Plaintiff incorporates the above paragraphs herein by reference.

19.     The '941 Patent is valid, enforceable, and was duly and legally issued by the United States Patent and Trademark Office ("USPTO") on November 29, 2005. The '941 Patent is presumed valid and enforceable. *See* 35 U.S.C. § 282.

20.     Plaintiff is the owner by assignment of the '941 patent and possesses all rights of recovery under the '941 patent, including the exclusive right enforce the '941 patent and pursue lawsuits against infringers.

21.     Without a license or permission from Plaintiff, Defendant has infringed and continues to infringe on one or more claims of the '941 Patent by importing, making, using, offering

COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL

for sale, or selling products and devices that embody the patented invention, including, without limitation, one or more of the patented '941 systems and methods, in violation of 35 U.S.C. § 271.

22.     Without a license or permission from Plaintiff, Defendant has infringed and continues to directly infringe on one or more claims of the '941 Patent by importing, making, using, offering for sale, or selling products and devices that embody the patented invention, including, without limitation, one or more of the patented '941 systems and methods, in violation of 35 U.S.C. § 271.

23.     Defendant has been and now is directly infringing by, among other things, practicing all of the steps of the '941 Patent, for example, internal testing, quality assurance, research and development, and troubleshooting. *See Joy Techs., Inc. v. Flakt, Inc.*, 6 F.3d 770, 775 (Fed. Cir. 1993); *see also* 35 U.S.C. § 271 (2006).

24.     By way of example, Defendant has infringed and continues to infringe at least one or more claims of the '941 Patent, including at least Claim 1. Attached hereto as Exhibit B is an exemplary claim chart detailing representative infringement of Claim 1 of the '941 Patent.

## REQUEST FOR RELIEF

25.     Plaintiff incorporates each of the allegations in the paragraphs above and respectfully asks the Court to:

(a)     enter a judgment that Defendant has directly infringed one or more claims of each of the '941 Patent either literally and/or under the doctrine of equivalents;

(b)     enter a judgment that Defendant account for and pay to Plaintiff all damages to and costs incurred by Plaintiff because of Defendant's infringing activities and other conduct complained of herein, and an accounting of all infringements and damages not presented at trial;

COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL

page

(c)     enter a judgment that Plaintiff be granted pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

(d)     award Sunset Licensing LLC all other relief that the Court may deem just and proper.

Dated: March 30, 2020                    Respectfully submitted,

By: /s/ Jimmy Chong
JIMMY CHONG, ESQ. (#4839)
CHONG LAW FIRM
2961 Centerville Rd.
Ste 350
Wilmington, DE 19808
(302) 999-9480
chong@chonglawfirm.com

KIRK. J. ANDERSON (CA SBN 289043)
kanderson@budolaw.com
BUDO LAW P.C.
5610 Ward Rd., Suite #300
Arvada, CO 80002
(720) 225-9440 (Phone)
(720) 225-9331 (Fax)

*Attorney(s) for Plaintiff Sunset Licensing LLC*

COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL